UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAJJAL HUSSAIN,

               Petitioner,

        v.

ICE FIELD OFFICE DIRECTOR,

               Respondent.

Case No. C26-742-RSM

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

     This matter comes before the Court on *pro se* and *in forma pauperis* Petitioner Tajjal[1] Hussain's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Dkt. #6.  The Court has reviewed the petition, the Return and supporting declarations filed by the Government, Dkts. #10-12, and the remainder of the record.

     In his form petition, Petitioner asserts that he has been detained at Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") in Tacoma, Washington for "several" months, since February 3, 2026.  Dkt. #6 at 1.  He alleges that his current deportation charge is that he has "not established a credible fear of persecution[.]"  *Id*.  Petitioner provides no other facts specific to him but requests that the Court "grant a bond review" and release him "upon conditions that is [*sic*] fair and just."

     In a declaration of a deportation officer provided by the Government, the Government asserts that Petitioner is a citizen of Pakistan who sought entry on February 3, 2026, from Canada

---

[1] The Government refers to Petitioner as "Sajjad Hussain."  *See* Dkt. #10 at 1 n. 1 ("Respondent is identified in Respondent's records as 'Sajjad Hussain.'  Therefore, he will be referred to as such in this return memorandum.").

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

at the port of entry in Blaine, Washington, in possession of Canadian travel documents. Dkt. #11 at ¶ 3. After secondary inspection that same day, the Government determined that Petitioner was inadmissible and issued an expedited removal order. *Id*. at ¶ 5; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I) (providing that noncitizens without certain documentation for entry into the United States are inadmissible).

After claiming fear of returning to Pakistan, Petitioner was transferred to NWIPC pending his credible fear interview. *Id*. On February 23, 2026, the Government made a negative fear determination following his interview. *Id*. at ¶ 7. At Petitioner's request, this determination was reviewed by an immigration judge on March 2, 2026, who affirmed the negative finding and returned the case for removal pursuant to his expedited removal order. *Id*. at ¶¶ 7-8.

The Government also states that Petitioner has twice applied for admission to the United States: on December 27, 2025, at the Champlain, New York port of entry, and on December 20, 2025, at the Rainbow Bridge, New York port of entry. *Id*. at ¶ 4. On both occasions, he was permitted to withdraw his admission applications to the United States and return to Canada. *Id*.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment protects against deprivation of liberty without proper process and extends to deportation proceedings. *See* U.S. Const. amend. V; *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitled [noncitizens] to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

Habeas petitions under § 2241 are subject to the same screening requirements as § 2254. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b); *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (affirming same). Per these Habeas Rules, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4.

Upon review of the petition, the Court finds that Petitioner has failed to provide sufficient facts to support his grounds for relief. The Habeas Rules require that petitioners provide all grounds for relief and facts supporting each ground. *See* Habeas Rules 2(c) and (4). "[T]he petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim." *Tazama v. U.S. Immigr. and Customs Enf't*, No. 5:26-CV-00462-SPG-JDE, 2026 WL 417475, at *1 (C.D. Cal. Feb. 13, 2026). Allegations that are vague, conclusory, or unsupported by specific facts are insufficient and subject to dismissal. *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir 1995).

Even on review of the petition with the Government's Response and declarations, Petitioner falls short of his requested relief. Petitioner, being detained under 8 U.S.C. § 1225(b)(1), is not entitled to a bond hearing, and his detention of just over two months is not unreasonable. *See Rosario Cantillio v. Warden Nw. Det. Ctr.*, No. 2:26-cv-00575-DGE, 2026 WL 886553, at *5 (W.D. Wash. Apr. 1, 2026) (finding over two months not unreasonable under *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1115 (W.D. Wash. 2019) and collecting cases finding unreasonable detentions between 11 and 17 months). Furthermore, as the record does not reflect any appeal of the order, it appears that Petitioner has a final order of removal. *See* 8

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

C.F.R. § 1241.1.  Even if Petitioner is now being held under § 1231, his detention period is not yet unreasonable.  *See* 8 U.S.C. § 1231 (a)(1)(A) (providing that, after a removal order is administratively final, removal shall occur within 90 days); *Zadvydas*, 533 U.S. at 701 (holding that detention up 6 months is "presumptively reasonable" to effectuate likely removal).  Petitioner provides no facts, such ason the conditions of his detention, the future length of detention, delays in his proceedings, the likelihood of removal in the reasonably foreseeable future, or otherwise to support ordering a bond hearing or release.  Accordingly, given all of the above, the Court will deny the petition.

Having considered the instant petition, responsive briefings and declarations attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition, Dkt. #6, is DENIED.

DATED this 13th day of April, 2026.

Ricardo S. Martinez
United States District Judge

ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4